LIVEZEY ET AL. v. THE PUEBLO HARDWARE COMPANY.

APPELLATE PRACTICE.
Where the jury was properly instructed and the evidence was conflict-
ing and contradictory, its finding will not be disturbed.

*Appeal from the District Court of Pueblo County.*

THIS suit was brought by appellee against the defendants
to collect a book account of $135.08, and the amount of a
promissory note for $249, executed by the firm of Dobbins
& Co., payable to the order of John Livezey one day after
date, dated May 13, 1891, assigned by Livezey to the plain-
tiff July 29, 1891.

The complaint is in the ordinary form.   Dobbins & Ber-
genthal filed separate answers : 1st, denying that Livezey,
Bergenthal and Dobbins were or ever had been partners under
the firm name of G. L. Dobbins & Co., or any other name.
2d, alleging that the firm of Dobbins & Co. was composed of
Dobbins and Bergenthal.   3d, denying the indebtedness of
the book account.   4th, admitting the making and delivery
of the note.   5th, alleging an indebtedness from Livezey to
Bergenthal individually of the sum of $300, which had been
assigned to Dobbins & Co., which would be set off against the
note.

A trial of the issues was had to a jury, resulting in a ver-
dict and judgment for the plaintiff for the sum of $450.44,
from which an appeal was prosecuted to this court.

Messrs. HARTMAN & GLENN and Mr. J. H. MECHEM, for
appellants.

Mr. CHAS. E. GAST and Mr. E. E. HUBBELL, for appellee.

REED, J., delivered the opinion of the court.

Although it appears that Livezey, a defendant below, is

appellant here, we are at a loss to understand how he becomes one. It does not appear that he was served with process or entered his appearance. He made no answer, and no judgment by default was entered against him, nor does he appear to have in any way participitated in the proceedings or appeal. It appears that the motion for a new trial was made by G. L. Dobbins and Chas. Bergenthal, and overruled. Judgment entered against the firm of G. L. Dobbins & Co., and the appeal bond executed by " G. L. Dobbins & Co."

One of the principal issues of fact to be determined, and perhaps the controlling one in the disposition of the case, was whether or not Livezey was a member of the firm of Dobbins & Co. It was asserted in the complaint and denied in the answer. The evidence in regard to it was contradictory. The court did not instruct the jury to find upon the issue, and there was no finding except as it might be inferred from the general verdict, and such inference would be that they found that he was not a partner.

Eliminating from the discussion the question of his partnership, upon which there was no finding, no question of law was involved, but questions of fact only. The evidence on every question involved was conflicting and contradictory. Under such circumstances, the finding of the jury will not be disturbed, unless for misdirection by the court. In this case the instructions of the court, on all questions submitted, appear to be ample and correct.

The judgment of the court will be affirmed.

*Affirmed.*